O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00545 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 13, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Appellant-Debtor Georges Marciano appeals from a bankruptcy court order allowing Bankruptcy Trustee David K. Gottlieb (" the Bankruptcy Trustee") to revoke a revocable trust.[1] Because the Bankruptcy Court's actions were proper, this Court AFFIRMS its order.

## I. BACKGROUND

Because the parties are well aware of the factual background of this case, the Court will therefore recite only the salient facts relevant to this appeal. Through discovery obtained from a law firm believed to have provided legal services to Marciano, the Bankruptcy Trustee obtained a copy of a California revocable trust (the "Marciano Trust"), of which Marciano was the grantor, the sole trustee, and a beneficiary. Appellant's Excerpts of Record at 19 (Dkt. 14). The Marciano Trust gave Marciano, as the grantor, the power to revoke the trust at any time. *Id.* at 28.

In April 2011, the Bankruptcy Trustee filed a complaint in an adversary proceeding in bankruptcy court seeking, inter alia, a declaratory judgment stating that the Bankruptcy Trustee had the authority to revoke the trust. *Id.* at 119. While that action was pending, the Bankruptcy Trustee also sought to achieve the same objective in the underlying,

---

[1] Dkt. 15. The Court GRANTS Marciano's Motion to Augment the Record (Dkt. 19).

O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00545 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 13, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

ongoing Chapter 11 bankruptcy case by filing a motion under 11 U.S.C. § 363(b). After full briefing and a hearing, the bankruptcy court granted the § 363(b) motion. *Id.* at 226.

## II. STANDARD OF REVIEW

The Court reviews the bankruptcy court's findings of fact for clear error. *In re Palmdale Hills Property, LLC*, 457 B.R. 29, 40 (9th Cir. BAP 2011); *In re PW, LLC,* 391 B.R. 25, 32 (9th Cir. BAP 2008). For a finding to be clearly erroneous, it must be illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc). A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Reynoso*, 315 B.R. 544, 549 (9th Cir. BAP 2004). Finally, a bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004).

## III. ANALYSIS

As an initial matter, the Bankruptcy Trustee argues that Marciano lacks standing to appeal because the bankruptcy court's order authorizing the revocation of the Marciano Trust did not negatively affect Marciano, but rather eased his financial burdens by enlarging the size of the estate. The Court disagrees. As a practical matter, revocation of the trust facilitates the process of reorganizing Marciano's assets to pay creditors. If this Court were to reverse the order authorizing the revocation, the Marciano Trust assets would be less available to the claims of creditors and Marciano would tangibly benefit. Therefore, Marciano has standing to pursue this appeal. *See In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983) ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.").

Turning to the merits, Marciano points to several alleged errors in the bankruptcy court's order. First, he argues that an adversary proceeding is the only way to revoke a trust in bankruptcy. But he offers almost no support for this proposition. To the contrary, the Bankruptcy Trustee persuasively argues that the action may be pursued by motion under 11 U.S.C. § 363(b).

There is no dispute that under the terms of the Marciano Trust and California law, Marciano had the power as grantor to revoke the trust at will. Because the trust gave Marciano this authority, the Bankruptcy Trustee over Marciano's estate had the authority

O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00545 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 13, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

to revoke the trust for the benefit of the estate. *In re Irwin*, 338 B.R. 839, 852-53 (E.D. Cal. 2006) (Ishii, J.) ("The bankruptcy trustee–standing in the debtor's place as trustor of the Living Trust–can, in his discretion, revoke the trust in whole or in part, reverting title in the residence back to the bankruptcy estate." (quotation omitted)); *In re Moffat*, 107 B.R. 255, 260 (Bankr. C.D. Cal. 1989) ("Debtor's interest as a trustor and beneficiary under the Living Trust, among other things, all became property of the bankruptcy estate ... upon the filing of the debtor petition."); *see also In re Cutter*, 398 B.R. 6, 19 (B.A.P. 9th Cir. 2008) ("[P]owers that a debtor who is trustee of a trust may exercise for his or her own benefit become property of the estate.").

Furthermore, Marciano's argument that § 363(b) was not the proper procedural mechanism to seek revocation is contrary to the plain language of that provision and to relevant case law. Section 363(b) allows a Bankruptcy Trustee, upon motion and after a hearing, to "use, sell or lease, other than in the ordinary course of business, property of the estate." Marciano asserts that he "does not dispute that the right to revoke a trust is 'property of the estate'...but he does dispute that the <u>exercise of the right</u> to revoke a trust is the "use" of property of the estate within the meaning of § 363(b)." Reply Br. at 6 (Dkt. 20). Sheer sophistry. Marciano offers no explanation why an exercise of the right to revoke a trust–which is indisputably property–does not constitute "use" of "property of the estate." He cites Federal Rule of Bankruptcy Procedure 7001, which deems "a proceeding to recover money or property" to be an adversary proceeding, but that does not suffice to negate the clear proposition that the "exercise" of a right over property (here, to revoke a trust) is the *use* of that right.

Moreover, Marciano has not cited any case where a court has held that revocation of a trust requires an adversary proceeding, as opposed to a motion and a hearing under § 363(b). The Bankruptcy Trustee, on the other hand, cites authority demonstrating that revocation may be pursued by motion practice. *See In re Ross*, 162 B.R. 863, 864 (Bankr. D. Idaho 1993) (granting bankruptcy trustee's motion to revoke a trust); *see also In re Kwang-wei Han*, 2009 WL 3165065 (C.D. Cal. 2009) (Pregerson, J.) (noting in dicta that in the underlying case on appeal the bankruptcy court granted the bankruptcy trustee's motion to revoke the trust). That the Bankruptcy Trustee, in an apparent display of "belt and suspenders" advocacy, also filed an adversary proceeding to achieve the same result is irrelevant. Accordingly, this Court rejects Marciano's unsupported argument that the bankruptcy court lacked the authority to grant the Bankruptcy Trustee's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00545 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 13, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

§ 363(b) motion to revoke the trust. The Court also rejects Marciano's baseless argument that the bankruptcy court's order–entered after full briefing and a hearing attended by his counsel–constituted a violation of his due process rights.

      Marciano also argues that the bankruptcy court's order was flawed because his children, alleged beneficiaries of the trust, were not given notice or named as parties in the action. But this argument ignores the fact that the trust gave Marciano the sole authority to revoke the trust at any time, without any notice to the alleged beneficiaries. Marciano has not articulated any reason why that requirement should be then imposed when the Bankruptcy Trustee stands in his shoes.

      Finally, Marciano contends that the bankruptcy court abused its discretion in admitting trust documents obtained by the Bankruptcy Trustee. Primarily, he contends that there was no evidence to establish the authenticity of the trust document or whether it was in fact the operating document. In the context of this case, however, the bankruptcy court's admission of the document was proper. Marciano never provided a copy of the trust to the Bankruptcy Trustee, in breach of his duty to disclose all "information, including all documents, records, and papers, relating to the property of the estate." 11 U.S.C. § 521(a)(4); *see also UAW v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972) (a party's failure to provide evidence in his control "gives rise to an inference that the evidence is unfavorable to him"). Nor has he put forth any evidence to doubt the authenticity of the trust document, such as, for example, submitting a more recent version of the document or denying any involvement with the law firm that produced the document in discovery. Perhaps most importantly, the trust document bears his signature, and he has not denied the signature's authenticity. Given these circumstances, the Court concludes that the bankruptcy court did not abuse its discretion in admitting the document.

/ / /

/ / /

O; **JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00545 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 13, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

## IV.   CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED. Marciano's motion to augment the record is GRANTED.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

:

Initials of Preparer        SMO

**JS-6**

cc: **Bankruptcy Court**